IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEYRL M. ENSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2094-N |
| | § | |
| DESOTO INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant DeSoto Independent School District's ("DeSoto ISD") motion to dismiss [8].  For the following reasons, the Court grants DeSoto ISD's motion and grants Plaintiff Cheyrl M. Ensley leave to amend.

## I. ORIGINS OF THE DISPUTE

DeSoto ISD employed Ensley as the Assistant Superintendent of State and Federal Programs.  In April 2018, Ensley alleges that DeSoto ISD considered not renewing her employment contract due to an allegation of mismanaging funds.  However, Ensley pleads that Ensley exonerated herself of the allegation.  After the incident, she decided to file a grievance because she felt she was unfairly targeted.  Ensley states that she informed DeSoto ISD of her intent to file a grievance, and Ensley claims that DeSoto ISD proceeded to retaliate against her by not renewing her employment contract.  In June 2018, Ensley received her last paycheck from DeSoto ISD.  Then, she filed a claim with the EEOC and later filed suit against DeSoto ISD.  Ensley asserts race, color, and sex discrimination under

Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; sex discrimination; age discrimination under the Age Discrimination in Employment Act ("ADEA"); constructive discharge; retaliation; and state law tort claims. DeSoto ISD now moves to dismiss Ensley's complaint.

## II. MOTION TO DISMISS LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the Court does not accept as true "conclusory allegations, unwarranted factual

MEMORANDUM OPINION AND ORDER – PAGE 2

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations and citations omitted).

### III. THE COURT GRANTS DESOTO ISD'S MOTION

#### A. The Court Dismisses Ensley's Title VII and ADEA Claims

A plaintiff bringing an employment discrimination claim must first exhaust her administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). The Court should not consider unexhausted claims, including "claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (internal quotations and citations omitted). When filing a Title VII or an ADEA claim in a deferral state like Texas, a plaintiff must file her EEOC charge within 300 days of the date on which the alleged unlawful employment practice occurred. 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)(1); *Anson v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 962 F.2d 539, 540 (5th Cir. 1992); *Lahr v. Fulbright & Jaworski, L.L.P*, 1996 WL 673438, at *1 (N.D. Tex. Aug. 15, 1996). This requirement "is not a prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). But "[t]he burden is on the plaintiff to

show a factual basis to toll the limitations period." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011).

Here, the Court determines Ensley's claims as pled are time barred.  Ensley alleges that DeSoto ISD discriminated and retaliated in April and May 2018, and she received her last paycheck in June 2018.  *See* Pl., Cheyrl M. Ensley's, Original Compl. and Jury Demand ("Ensley's Compl.") 2–4 [1]; Def. DeSoto Independent School District's App. Supp. Its Mot. Dismiss Pl.'s Original Compl., Additional Attachments ("DeSoto ISD's App.") 1–2 [11].  DeSoto ISD contends that Ensley's claims are time barred.  Def. DeSoto Independent School District's Br. Supp. Its Mot. Dismiss Pl.'s Original Compl. ("DeSoto ISD's Br.") 5–6 [9].  But Ensley argues in response to DeSoto ISD's motion that that the continuing violation doctrine should apply because DeSoto ISD's retaliation continued through April 2019.  Pl.'s Resp. Def.'s Mot. Dismiss Pl.'s Original Compl. ("Ensley's Resp.") 6–9 [18].

But the Court determines Ensley's Title VII and ADEA claims should be dismissed.  Ensley waited to file her EEOC claim until May 2019 – more than 300 days after the alleged acts.  *See* DeSoto ISD's Br. 4; DeSoto ISD's App. 1.  Ensley did not plead that DeSoto ISD's alleged discriminatory or retaliatory acts continued past June 2018, and she did not mention this alleged behavior in her EEOC filing.  *See* DeSoto ISD's App. 4.  Additionally, the EEOC dismissed her complaint, stating that her "charge was not timely filed with [the] EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."  *Id.*  Based on her complaint, the Court determines that Ensley failed to allege claims within the 300-day period.  Thus, the Court dismisses Ensley's Title VII and ADEA claims against DeSoto ISD.

MEMORANDUM OPINION AND ORDER – PAGE 4

### B.  The Court Dismisses Ensley's Section 1981 Claims

42 U.S.C. § 1981 "ensures that all person in the United States have the same right to make and enforce contracts and prevents impairment of those rights by government and non-government actors." *Meyers v. La Porte Indep. Sch. Dist.*, 277 F. App'x 333, 335 (5th Cir. 2007) (per curiam).  Courts have held that section 1981 prohibits only racial discrimination. *See, e.g.*, *Evans v. City of Hous.*, 246 F.3d 344, 356 n.9 (5th Cir. 2001).  In order to assert a private right of action against a state actor, a plaintiff must assert a claim under 42 U.S.C. § 1983, which "provides the exclusive federal damages remedy for the violation of the rights guaranteed by [section] 1981." *Id.* (internal quotations and citations omitted).

The Court dismisses Ensley's section 1981 claims.  First, DeSoto ISD argues that Ensley's failure to respond results in Ensley's abandonment of her 1981 claims.  Def.'s DeSoto Independent School District's Reply Br. Supp. Its Mot. Dismiss Pl.'s Original Compl. (DeSoto ISD's Reply") 1–2 [19].  The Court agrees.  The Court determines that by not responding to DeSoto ISD's arguments, Ensley abandoned her section 1981 claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 558 n.1 (5th Cir. 2006) (noting that a plaintiff's failure to defend her claim resulted in abandonment).

Even if Ensley did not abandon her section 1981 claims, the Court determines that these claims should be dismissed.  DeSoto ISD contends that Ensley's section 1981 claim based on color and sex discrimination should be dismissed because section 1981 applies only to race.  DeSoto ISD's Br. 10.  Because section 1981 claims apply only to race, the

Court dismisses Ensley's section 1981 claims based on color and sex.  *See Evans*, 246 F.3d at 356 n.9.

Next, DeSoto ISD contends that Ensley failed to properly seek relief under section 1983.  DeSoto's Br. 10.  While Ensley invokes jurisdiction through section 1983, she does not seek any relief through section 1983.  *See* Ensley's Compl. 2.  Because Ensley cannot plead an independent cause of action through section 1981, the Court dismisses her remaining section 1981 discrimination claims.

### C.  *The Court Declines to Exercise Jurisdiction Over Ensley's State Law Claims*

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the Court has original jurisdiction.  28 U.S.C. § 1367(a).  Determining whether to exercise supplemental jurisdiction after dismissing the underlying federal claims is a matter left to the discretion of the Court.  *Id.* § 1367(c)(3); *see Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000).  When federal claims are dismissed at the preliminary stage of the proceedings, judicial economy argues against the exercise of supplemental jurisdiction over state claims.  *See La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

Here, because the Court dismissed Ensley's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims at this preliminary stage of the proceedings.  Thus, the Court dismisses Ensley's state law claims.

### IV. THE COURT GRANTS ENSLEY LEAVE TO FILE AN AMENDED COMPLAINT

The Court grants Ensley leave to file an amended complaint against DeSoto ISD. When a motion to dismiss is based on complaint insufficiency, "district courts often afford

MEMORANDUM OPINION AND ORDER – PAGE 6

plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 608–09 (N.D. Tex. 2006) (internal quotations and citations omitted). Ensley has not amended her pleading yet, and she has not advised the Court that she is unwilling or unable to amend. While the Court is skeptical that an amendment will cure Ensley's defects, particularly those regarding the limitations issue, the Court grants Ensley leave to amend her complaint. Ensley should file her amended complaint within thirty (30) days of this Order.

## CONCLUSION

The Court determines that Ensley failed to sufficiently plead her claims against DeSoto ISD, but the Court grants Ensley leave to amend her pleadings within thirty (30) days of this Order. If Ensley does not replead within that time, the Court will dismiss this action with prejudice without further notice.

Signed May 18, 2020.


David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7